ALFRED B. CHAPIN, AS RECEIVER, ETC., APPELLANT, *v.* JOSEPH THOMPSON, RESPONDENT.

*Bond of indemnity — Statute of limitations — Costs.*

More than six years after the cause thereof arose, an action was brought against the plaintiff herein, to recover the rent of certain premises which had been occupied by him as receiver. Against such an action the defendant had, by a bond of indemnity, covenanted to save and keep the plaintiff harmless. The plaintiff, although requested by the defendant to do so, refused to interpose to such action the defense of the statute of limitations, or allow the defendant to do so, but suffered judgment to be taken against him for the amount claimed.

In this action, brought upon such bond, to recover from the defendant the amount of such judgment, *held*, that the defense of the statute of limitations stood upon the same footing with other legal defenses, and was to be treated with the same respect, and given the same favor and consideration, as common-law defenses; that it was the plaintiff's duty to have set up such defense to the action brought against him, or to have suffered the defendant to do so, and that, having refused to do either, he was not entitled to recover in this action; that the plaintiff was properly charged personally with the costs therein.

As between the obligee and obligor, in a bond of general indemnity against claims or suits, a judgment against the obligee is only *prima facie* evidence; and in a suit upon such obligation, the obligor may show collusion between the plaintiff and defendant in the original action, or that his principal had a good defense to such action, which he neglected or refused to interpose.

APPEAL from a judgment entered on the report of a referee, dismissing the complaint, with costs, and also from an order of the

Special Term charging such costs personally on the plaintiff. The appeal from the judgment was presented upon exceptions only.

*Magone & Holbrook*, for the appellant. The statute of limitations was a personal defense, which the plaintiff herein had a legal right to interpose as a shield, if he should so elect, but he was not either in law, morals, or good conscience bound to interpose it as a sword, by which an honest and lawful contract entered into by him, for which he had received value, which was justly owing by him, and which he knew he had never paid, might be defeated, because the defendant did not wish to pay according to the terms of his agreement. The statute only affected the remedy — it did not destroy the debt. The plaintiff herein stood in no such relations to the obligors in the bond, as made it his duty, at their request, to interpose a defense to a recovery in the action which was only personal to himself. The obligors in the bond did not stand in the relation of guarantors or sureties for the plaintiff herein, in his agreement to pay the rent. The bond given was to the plaintiff herein, and not to E. J. Chapin, and was not one of indemnity merely to the plaintiff for rent, but on the contrary was an agreement in the form of a bond, in which they promised to hold *the plaintiff harmless* against all claims, etc., which the plaintiff herein might become liable for, and for all contracts made by him in taking and holding possession of the property of the judgment debtor and the premises in which such property was situate. There was nothing in the bond that required notice to be given by the plaintiff herein to the obligors in the event of any suit being brought against him. The plaintiff herein did, however, give notice to Thompson, and expressed a readiness himself to set up any defense there might be to the action, except the statute of limitations, or to allow Thompson to do so with the above exception. The case of *Bridgeport Insurance Company* v. *Wilson and others* (34 N. Y., 275) is relied upon as an authority for the view of the law taken by the referee in the decision of the case at bar. An examination of the case above cited will disclose the fact, that the bond given in that case covenanted to indemnify against a certain claim of parties therein named and all suits to enforce it — where

the obligors made their liability to depend on the result of the litigation. The case of *Annett, Admr., etc.,* v. *Terry* (35 N. Y., 256) was upon the bond of an administrator, where the sureties' liability depended upon the failure of their principal to discharge his trust. *Binsse and another, Executor,* v. *Wood* (37 N. Y., 526) was a question of the liability of a surety upon an agreement for the lease of certain premises by his principal. The liability of the obligors in the bond given and referred to in the suit at bar, was not in the nature of, or analogous with a bond given to depend on the result of a suit, or that of an administrator or receiver; but was an agreement that if the plaintiff herein would, as such receiver, take and hold possession of the property of the judgment debtor, and the premises in which it was situate, and sell the same, they would save him harmless from all costs, charges, etc., by reason thereof.

*E. O. James,* for the respondent.

JAMES, J.:

The action was upon a bond made by defendant, under seal, covenanting to save and keep harmless and indemnify said plaintiff, as receiver, from all damages, suits, judgments and executions, etc. The findings of the referee are acquiesced in by both parties, as stating correctly the facts; and the referee finds, that plaintiff was receiver, as set forth in the complaint; that such bond was made and delivered; that afterward the plaintiff herein, as receiver, at the request of the defendant, took possession of certain hotel property, and used the same four months and twenty-six days, under one Edward J. Chapin, agreeing to pay at the rate of $655 per year; that said rent was not paid; that on the 27th of December, 1871, more than six years after said rent became due and payable, an action for the recovery thereof was commenced in the Supreme Court by said Edward J. against the plaintiff herein for the recovery thereof, and notice of the pendency of the action was given by the said Alfred B. Chapin to said Joseph Thompson, the defendant herein; that said Thompson then offered to take upon himself the defense of said action, and to retain and employ an attorney to defend the same; that the plaintiff herein refused to allow said Thompson to defend said action, unless he would agree

not to interpose as a defense thereto the statute of limitations; that said Thompson refused so to agree, and insisted that the statute of limitations should be interposed and set up as defense to said action, which said Alfred B. Chapin declined and refused to have done; and Thompson, the defendant herein, presented a petition in said action to the Supreme Court, and obtained an order therein requiring the said plaintiff and the said defendant therein to show cause before said court why said Thompson should not be allowed to defend said action; and upon the hearing of said petition, both the plaintiff and defendant therein appeared by their respective counsel, and opposed the granting of an order allowing said Thompson to defend said action; and thereupon an order was made therein denying the prayer of said petition, and said action was not defended. On the 25th day of April, 1872, the said Edward J. Chapin recovered a judgment in said action against the said Alfred B. Chapin, for $459.95 damages, and $27.09 costs, etc., which judgment has been paid by said Alfred B.; that at the time said action was commenced, the claim which it was brought to recover was barred by the statute of limitations. And the referee held, as conclusions of law, that it was the duty of the plaintiff in this action, upon the request of the defendant, Thompson, to have interposed, or have suffered said Thompson to interpose, the statute of limitations as a defense to the action brought by said Edward J. Chapin against said Alfred B. Chapin for the recovery of said rent; that having neglected so to do, and having refused to allow said Thompson so to do, upon being by him thereto requested, the plaintiff herein was not entitled to recover against said Thompson upon said bond; that the defendant herein was entitled to judgment, dismissing plaintiff's complaint, with costs, and judgment was ordered accordingly.

There can be no question as to the proper disposition of this case by the referee. It is now settled law in this State, that statutory defenses, such as the statute of limitations, usury, etc., stand upon the same footing with other legal defenses, and are to be treated by the courts with the same respect, and given the same favor and consideration, as common-law defenses.

As between the principal and indemnitor, in a case of general indemnity against claims or suits, the judgment against the obligee

is only *prima facie* evidence; and in a suit upon such obligation, the indemnitor may show that his principal had a good defense to the original action, which he neglected or refused to interpose, or collusion between the plaintiff and defendant in such action, and if either are established it will defeat a recovery. (*Bridgford Ins. Co.* v. *Wilson*, 34 N. Y., 275; *Annett* v. *Terry*, 35 id., 256; *Binsse* v. *Wood*, 37 id., 530, 531.) It is shown, and found by the referee in this case, that the plaintiff herein had a good defense to the action against him, of which he refused to avail himself, or allow the indemnitor to do so. By so doing he has now no cause of action against the defendant herein. The decision of the referee was correct.

This action, although brought by plaintiff in his name as receiver, was not necessarily so, as it was a matter entirely personal to himself, and not of any advantage to his receivership; in fact, he so characterized it, as he brought it without leave of the court. He also acted in bad faith in not defending the action brought against him, or in allowing it to be done by the indemnitor, without conditions. Under these facts, the Special Term properly directed him to be charged with the costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs, and order of the Special Term affirmed, with ten dollars costs and printing expenses.